UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
3:06-CV-597-H

FRONTIER INSURANCE COMPANY                                           PLAINTIFF
        IN REHABILITATION

V.

MC MANAGEMENT, INC., et al.                                         DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This lawsuit arose out of a default on a construction contract for the Haverford Place

development in Georgetown, Kentucky.  Plaintiff, Frontier Insurance Company in Rehabilitation

("Frontier"), had issued payment bonds for the project and eventually made payments under their

terms. Frontier now seeks to recover from Defendants MC Management, Inc., (which it indicates

is also known as M C Management Company, Inc.), M C Construction, Inc., Mark Campisano,

Beverly Campisano, RLM Construction Company ("RLM"), and Robert McAuliffe,

("McAuliffe"), as alleged signatories to a 1995 General Agreement of Indemnity under the

bonds.  RLM and McAuliffe have moved to dismiss Frontier's claims against them (DN 108).

MC Management, Inc., and the Campisano Defendants have joined in the motion.

In essence, the movants argue that Frontier has failed to state a claim because the contract

it seeks to be indemnified under names "M C Management *Company*, Inc.," as an indemnitor,

while the company that Frontier issued bonds on behalf of was named "MC Management, Inc."

Defendants assert they are not liable for losses under a bond written for a corporate entity, such

as MC Management, Inc.,  that was not listed as an indemnitor under the 1995 General

Indemnity Agreement. For the reasons set forth below, the Court will deny Defendants' Motion

to Dismiss.

## I.

This dispute arises out of a 1995 General Agreement of Indemnity, ("the 1995 GAI"), in which three individuals and three corporations, (the "Indemnitors"), agreed to indemnify Frontier for all losses suffered by Frontier as a result of bonds issued to any of the Indemnitors. In the 1995 GAI, the individual Indemnitors were Mark Campisano, Beverly Campisano and Robert McAuliffe. The three corporate Indemnitors were M C Management Company, Inc., M C Construction, Inc., and RLM Construction Company, Inc. These six Indemnitors were liable to Frontier under the terms of the 1995 GAI only for losses resulting from bonds written for any of the Indemnitors under the Agreement.

In February 2000, Frontier issued payment bonds, ("the Bonds"), on behalf of MC Management, Inc., related to a development in Georgetown, Kentucky, called Haverford Place. Later that year, subcontractors and suppliers on the Haverford Place project began notifying Frontier about nonpayment. Defendants failed to resolve these claims, so Frontier settled them and brought suit to recover from the Indemnitors under the 1995 GAI. Over the years, the Court has resolved a number of issues and disposed of some claims affecting Frontier. More recently, the parties have entered a tentative settlement. A few issues remain outstanding.

Since the beginning of this litigation, Defendants have been on notice of Frontier's position that MC Management, Inc., the principal on the bonds in question, had signed the 1995 GAI using the name "M C Management Company, Inc." Specifically, in Paragraph 6 of the Complaint, Frontier asserted that "Defendant, MC Management, Inc., ... was also known as MC Management Company, Inc." Although McAuliffe and RLM denied this allegation for lack of sufficient knowledge, Defendants Mark Campisano and MC Management, Inc., specifically

admitted the allegation in their Answers. Paragraph 15 of the Complaint alleged that the Defendants (which include MC Management, Inc.) executed the 1995 GAI. All of the Defendants, including the parties with the most knowledge – Mark Campisano and MC Management – admitted this allegation.

Additionally, Mark Campisano, the president of MC Management, Inc., testified in his deposition that M C Management Company, Inc., and MC Management, Inc., were the same company:

> Q    I've seen references in some documents, an MC Management, Inc. and an MC Management Company, Inc. Were there two separate entities, one called MC Management, Inc. and one called MC Management Company, Inc?
>
> A    Not that I know of, no.
>
> Q    Okay. To the extent – and I'm not asking you to predict whether or not someone else had formed a company with a similar name – but to the extent that you were involved in a company that went by the name MC Management, then it was all one company, correct?
>
> A    As far as I know, yes.

Campisano went on to say that the company he signed for in the 1995 GAI was the same company that Frontier issued the relevant bonds to for the Haverford Project:

> Q    Well, directly below the line that says MC Management Company, Inc., there's Mark Campisano, President. Is that your signature above that line?
>
> A    Mark Campisano, President, correct.
>
> Q    Okay. Did you understand at the time you signed that who were you signing as president of at that point?
>
> A    Yes.
>
> Q    And who was that?
>
> A    For MC Management.

Q    Okay. Did you understand – I mean you're not aware of a company that you're involved with that went by the name of MC Management Company, Inc., correct?

A    I'm not aware of that.

Q    Okay, but when you signed this, you were talking about the MC Management that we subsequently discussed performed the Haverford Place project, correct?

A    Yes.

Kentucky Secretary of State records indicate that an M C Management, Inc., whose registered agent is Mark Campisano, operated in Kentucky from 1994 to 2003, when it was administratively dissolved.[1]  The address of the registered office of this company is the same as both the address listed on the bonds at issue in this case and the address listed for M C Management Company, Inc. in the 1995 GAI.  The Secretary of State's records indicate that there is no Kentucky company named "M C Management Company, Inc."

II.

Under Kentucky law, a Court's primary objective when interpreting a contract is to "discover the intent of the parties through a fair examination of a document as a whole," *Babb v. Dowdy*, 17 S.W.2d 1014, 1016 (Ky. 1929), and that "where there is ambiguity and/or mutual mistake, a court may look beyond the four corners of the document in question to resolve the same." *Day v. Asher*, 132 S.W. 1035, 1036 (Ky. 1911) ("The general rule is that where an ambiguity is patent on the face of the deed it cannot be cured by parol evidence, but that where

---

[1] Two other companies with some version of the name M C Management, Inc., are on file with the Kentucky Secretary of State's office. One, MC Management, Inc., is an Indiana company that appears to have changed its name in 1991 to Management Corporation of Indiana. The other company, M.C. Management, Inc., was administratively dissolved in 1994, before the 1995 GAI was signed.  Neither of those companies appear to be related to the MC Management at issue in this case.

there is no ambiguity on the face of the deed and the ambiguity is shown by parol evidence it may be removed by parol evidence.); *Senters v. Elkhorn & Jellico Coal Co.*, 145 S.W.2d 848, 850 (Ky. 1940) (parol evidence admissible in cases of mutual mistake); *Virginia Iron, Coal & Coke Co. v. Combs*, 177 S.W.238, 238 (Ky. 1915) (parol evidence admissible to prove mutual mistake).

There was clearly a latent ambiguity or mistake in the 1995 GAI. That document listed a company that did not exist – M C Management Company, Inc. – as an Indemnitor and party to the contract. Because parol evidence is admissible to clarify a latent ambiguity or mistake, the Court may properly look to such evidence to clarify which entity signed the 1995 GAI. Here, the overwhelming evidence is that M C Management Company, Inc. and MC Management Inc., are one-in-the-same. Mark Campisano testified as such in his deposition. He confirmed that MC Management, Inc. – the company Frontier issued the bonds on behalf of – is the same as the company that was party to the GAI. The admissions of the various parties and the corporate addresses also support this position. In short, there is no real evidence to the contrary.

Nonetheless, Defendants assert that "Frontier must have meant a separate entity entitled M C Management, Inc. or else it would have properly listed the corporate name of any of the Indemnitors to the1995 GAI." In support of this argument, Defendants rely on KRS §271B.4-010(3)-(4) and KRS §365.015, statutes that govern the circumstances under which a company may use a non-official or assumed name. However, the statutes are not relevant here, because M C Management Company, Inc., was not an assumed name or an approved alternative name used by Campisano. It was simply a mistake.

Defendants also maintain that the Court's previous finding that "the GAI is a valid

written contract" means that no ambiguities exist and somehow prevents the Court from looking beyond the four corners of the document to resolve the current issue. Such an argument is inapposite; one can have a valid contract even if there are ambiguities or mistakes. Furthermore, the fact that a contract is unambiguous in one respect does not mean that there cannot be an ambiguity or mistake elsewhere in the document.

Alternatively, Defendants contend that if the Court chooses to look beyond the four corners of the GAI, any ambiguity should be resolved against Frontier as the drafter of the document. They cite *Bituminous Casualty Corp. v. Kenway Contracting* as support for this position. 240 S.W.3d 633, 638 (Ky. 2007). However, the *Bituminous Casualty* case, and the cases it cites for support, are all insurance cases involving adhesion contracts drafted by a party with greater bargaining power. *See id.* Even if the rule is applicable in a broader context, it is not useful here, where parol evidence clearly resolves the issue and there is no ambiguity left.

The only remaining substantive motion is that of McAuliffe for summary judgment against Mark Campisano. At the upcoming conference, the Court will discuss whether the case can be fully settled or whether further rulings are necessary.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Defendants RLM, McAuliffe, Mark Campisano, Beverly Campisano and MC Management, Inc., to dismiss Frontier's claims against them is DENIED.

This is NOT a final order.

cc: Counsel of Record