UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-597-H

FRONTIER INSURANCE COMPANY　　　　　　　　　　　　　　　　　　　　PLAINTIFF
IN REHABILITATION

V.

M C MANAGEMENT, INC., *et al.*　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On March 19, 2010, the Court entered a Memorandum Opinion and Order (DN # 145) finding that Third-Party Defendant Mark Campisano was required to pay for Third-Party Plaintiff Robert McAuliffe's legal fees and expenses in defending against an action brought by Frontier Insurance Company in Rehabilitation ("Frontier") pursuant to an indemnity agreement. Additionally, the Court determined that Campisano was not responsible for attorney fees incurred by McAuliffe relating to his third-party fraud claim against Brook Smith. In the interest of resolving this case, the Court then made tentative findings of fact regarding the amount of fees related to the Smith claim and the amount of fees related to the defense of the Frontier claim. The Court then granted the parties additional time to request a hearing or file additional briefing objecting to the Court's factual findings with regard to the relationship of the claims to the Smith case or Frontier defense.[1] The parties have completed that briefing and the Court will address their arguments below. Unless otherwise noted, the findings detailed in the March 19 Memorandum Opinion and Order remain in effect.

---

[1] To be clear, it was not the Court's intent to give the parties an additional opportunity to contest the issue of liability. Rather, it was only to properly determine which charges related to which claims.

# I.

McAuliffe objects that the Smith claims were necessitated by the Frontier claims and, therefore, should be entirely compensable. He asks the Court to consider his request like it would consider the request of a prevailing party in a statutory fees case. However, this is not a statutory fees case. Rather, there was a specific contract under which Campisano agreed only to pay McAuliffe's expenses related to his defense against claims brought by Frontier. There was no agreement to pay McAuliffe's expenses incurred as a result of his personal claims against Smith. Therefore, the Court maintains its decision that McAuliffe is not entitled to any fees incurred related solely to the Smith claim.

With that decision in mind, McAuliffe primarily argues that discovery of Smith was necessary to the defense of the Frontier claims even in the absence of the claims against Smith individually. The Court believes that this argument is likely true, but only to an extent. To be certain, Smith was an integral player in the facts underlying the Frontier action. Thus, some discovery would have been necessitated. However, it is doubtful that all of the attorney hours and deposition time would have been required absent individual claims against Smith. McAuliffe has presented no evidence to indicate otherwise. Moreover, he has not specifically indicated what services would have been required absent the claims or even how much of the time deducted in the Court's original opinion should be compensable. Based on this extremely limited presentation, the Court finds that McAuliffe is entitled to thirty percent of the fees incurred for the deposition of Smith. Other than fees clearly related to the deposition, the Court will not award any additional time from that awarded in the original opinion. Thus, the Court will modify its March 19 Memorandum Opinion and Order as follows:

(1) Alber Crafton, PSC:

    (A) 12/17/07: Court excluded $75.00 as it was related to Smith deposition. Court will now award $22.50.
    (B) 12/18/07: Court excluded $1850.00 as it was related to Smith deposition. Court will now award $555.00

(2) Hectus & Strause, PLLC:

    (A) 11/16/07: Court excluded $525.00 as it was related to Smith deposition. Court will now award $157.50.
    (B) 12/10/07: Court excluded $752.50 as it was related to Smith deposition. Court will now award $225.75.
    (C) 12/17/07: Court excluded $787.50 as it was related to Smith deposition. Court will now award $236.25.
    (D) 12/18/07: Court excluded $3,049.95 as it was related to Smith deposition. Court will now award $914.98

Based on these changes, the Court will award an additional $2,111.98 based on services for the Smith deposition that would have been necessary absent the independent Smith claims.

## II.

Campisano argues that many services that were included as compensable in the Court's original opinion were clearly related to the third-party claims against Smith. He has identified very specific services and clearly explained why those services are more likely related to the Smith claim than defense of the Frontier claim. Based on those arguments, the Court concludes as follows:[2]

(1) John Bleidt: Billed for multiple services but provides no hourly breakdown. The bill is for a total of $3,620.00 in attorney fees and $119.00 for expenses. Previously, the Court awarded $3,200.00 for these services. Upon further review,

---

[2] The Court is unpersuaded that the hourly rates billed were unreasonable. They are in keeping with the typical hourly rates for the area (most attorneys billed at less than $200.00 per hour).

3

it appears that only approximately 33% of the attorney services are related the defense of Frontier claims. All expenses are unrelated to Frontier. Thus, the Court will award only $1,200.00, which is a reduction of $2,000.00 from the prior Memorandum Opinion and Order.

(2) Alber & Crafton, PSC: Upon review, the Court finds that the following services, totaling $700.25, were unrelated to the Frontier claims and should be excluded:

- (A) 12/11/07: Research concerning unauthorized bond, breach of fiduciary duty & estoppel. At least 1/3 of this research appear to be related to the Smith claims (breach of fiduciary duties). Thus, the Court will exclude $383.00.
- (B) March 2008: $407.00 billed for preparation of motion for summary judgment. Motions filed by McAuliffe were against both Smith and Frontier. Thus, 50% of the services should be excluded. The Court will exclude $203.50.
- (C) 10/6/08: $227.50 was billed for review of response and reply briefs. It appears that some of those briefs addressed the Smith claims and some the Frontier claims. The Court will, thus, exclude 50% of this bill, or $113.75.

(3) Hectus & Strause, PLLC: Upon review, the Court finds that the following services, totaling $1,214.50, were unrelated to the Frontier claims and should be excluded:

- (A) 12/4/06: Billed $350.00 for drafting an answer to the Frontier complaint, drafting a motion to file the Smith claim and drafting the Smith complaint. The Court finds that one half of the time billed was clearly related to the Smith claim and will exclude $175.00.
- (B) 3/19/08 & 3/27/08: Billed $620.00 for review of records and exhibits for summary judgment motion, review of other cases involving Smith and drafting statement of the case for motion for summary judgment. Motions for summary judgment were filed against both Frontier and Smith. It appears that approximately half of this time was related to the Smith case. Thus, the Court will exclude $310.00.
- (C) 4/10/08: Billed $262.50 for drafting statement of the case for summary judgment relative to Frontier v. Brooks Smith. This appears related primarily to claims against Smith, not defense of Frontier's claims. Thus,

    the Court will exclude $262.50.
 (D)  9/3/08: $875.00 billed for many services. It appears that approximately one-third of the time was related to preparing a motion for summary judgment on the Smith claims. Thus, the Court will exclude $292.00.
 (E)  10/3/08: $175.00 billed for drafting a reply to Smith's response regarding summary judgment. The Court will exclude $175.00.

### III.

The final issue before the Court is whether McAuliffe may recover for his attorney fees incurred in enforcing the indemnity agreement. Campisano does not object to any specific charges as unreasonable, but rather objects to recovery of any amount for these fees. The indemnity agreement expressly provides that Campisano shall be responsible for attorney fees associated with enforcing the agreement. Thus, the Court will award the full request of $3,897.68 to McAuliffe.

### IV.

The Court recognizes that its method of determining the relation of attorney fees to claims may be inexact. Making these types of determinations can rarely be done with exact science in circumstances such as ours. Moreover, the parties submitted only scant evidence on the issue. The Court has made an earnest attempt to properly determine which fees are recoverable and which are unrelated to the defense of Frontier's claims. In so doing, the Court examined the bills and the arguments of counsel, excluding those charges that reasonably appeared unrelated to Frontier's claims.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Third-Party Plaintiff Robert McAuliffe's Motion for Summary Judgment is SUSTAINED IN PART and judgment be entered against Third-Party Defendant Mark Campisano and in McAuliffe's favor for a total of $96,238.79.

5

This is a final and appealable order.

cc: Counsel of Record