UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-597-H

FRONTIER INSURANCE COMPANY                                                    PLAINTIFF
IN REHABILITATION

V.

M C MANAGEMENT, INC., *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff, Frontier Insurance Company in Rehabilitation (Frontier), to amend or correct the Court's final and appealable Memorandum Opinion and Order dated May 25, 2010 (DN 154). Frontier contends that it is entitled to a specific monetary judgment against all Defendants prior to any appeal of this case and that there may be some confusion regarding the finality of some claims. The Court will attempt to clarify.

This case has been extremely complex since its inception and the procedural history rivals its factual and legal complexities. In essence, the case involves an indemnity agreement relating to surety bonds between Frontier and two groups of Defendants: (1) the McAuliffe Defendants; and (2) the Campisano Defendants. On March 4, 2009, the Court entered an Order (DN 90) granting summary judgment in favor Frontier and ordering that it is entitled to "judgment for the bonds claims paid, the good faith nature of payments on the claims, and Defendants' obligation to post collateral." On May 15, 2009, the Court denied Defendants' motions to alter, amend or set aside the March 4th Order. (DN 104.) The Court also instructed Frontier to tender a proposed final order in its favor, which Frontier did.

After the parties completed briefing on the proposed final order, but before the Court

considered it, Frontier entered a settlement agreement with the Campisano Defendants. That agreement provided that Frontier would dismiss all claims against all Defendants, including the McAuliffe Defendants who were not parties to the settlement, if the Campisano Defendants perform two obligations: (1) pay $200,000.00 over an eighteen-month period in accordance with a set schedule; and (2) obtain releases from two additional entities within six months. Because the Court believed that this agreement settled all claims between Frontier and all Defendants, it found it unnecessary to rule on the proposed final order or to enter any monetary judgment in Frontier's favor. The Campisano Defendants have, thus far, fully complied with their monetary obligations and have obtained full releases from the two specified entities.[1]

Following settlement of the claims, the Court considered only the third-party claims between the McAuliffe Defendants and the Campisano Defendants. The Court finally resolved those issues on May 25, 2010. (DN 154.) Believing that all matters in the case had either been resolved by the Court or settled by the parties, the Court labeled its May 25, 2010, Memorandum Opinion and Order as "final and appealable." The pending motion ensued.

Frontier argues that it is entitled to a separate monetary judgment primarily for two reasons: (1) if the Campisano Defendants default under the settlement agreement, then Frontier will be entitled to pursue all claims against all Defendants and having a judgment in hand will allow it to simply enforce that judgment as opposed to requiring it to re-open this case; and (2) the McAuliffe Defendants did not enter the settlement agreement and, thus, are not protected by it. The Court is not persuaded that either argument requires entry of a specific judgment at this time.

---

[1] Albeit, those releases were obtained approximately one and a half months after the six month deadline had passed.

First, the settlement agreement appears to fully resolve all claims between Frontier and the Campisano Defendants. In the event that the settlement is breached, then Frontier may certainly move to re-open this case and seek its remedy under the agreement. There is no evidence that the Campisano Defendants will breach. In fact, they have satisfied all requirements of the settlement thus far; of the $200,000.00 owed, they have paid $135,000.00. The only pending duties of the Campisano Defendants are payments of $35,000.00 in November of 2010 and $30,000.00 in May of 2011. As with most settlements, the Court will assume that such duties will be fulfilled. If, and only if, the Campisano Defendants breach the settlement agreement will the Court endeavor to determine the proper remedy.[2]

Second, although the McAuliffe Defendants were not parties to the settlement agreement, it was clearly drafted to release all claims against them once the settlement was fully satisfied by the Campisano Defendants. Therefore, there is little reason to treat the McAuliffe Defendants differently than the Campisano Defendants. The settlement agreement clearly addresses and resolves *all* claims by Frontier, not just those involving the Campisano Defendants. If, and only if, the settlement agreement is not fulfilled will the Court consider the amount of judgment due against the McAuliffe Defendants. To do so prior to a default on the settlement would simply be premature.

Finally, the Court seeks to clarify its intention in labeling the May 25, 2010, Memorandum Opinion and Order as "final and appealable." At that time, all matters in the case

---

[2] Although Frontier argues that a breach of the agreement will permit it to recover against all Defendants in full, it would be premature to determine this issue until there is an actual breach.

Additionally, Frontier argues that it will be a better use of judicial resources to enter a judgment in its favor now because it will allow appeal of both Frontier's right to judgment and the amount of the judgment. The Court disagrees. As indicated, a finding of a specific amount of judgment is unnecessary at this time in light of the settlement agreement. To engage in that complex process would be the greater waste of judicial resources.

3

were either resolved or settled. Thus, the entire case, not just the issues addressed in the May 25th Memorandum Opinion and Order, were completely adjudicated and appealable. As such, any Order of this Court in this litigation that may be properly appealed is now fully appealable.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend or Correct is DENIED.

This is a final and appealable Order.

cc: Counsel of Record